*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *JASON MANNIX,* | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| *v.* | )   *Civil No. 08-437-B-W* |
| | ) |
| *MICHAEL J. ASTRUE,* | ) |
| *Commissioner of Social Security,* | ) |
| | ) |
| *Defendant* | ) |

*REPORT AND RECOMMENDED DECISION*[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge erred in failing to find that the plaintiff suffered from a severe, medically-determinable impairment of borderline intellectual functioning.  I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from the medically-determinable impairments of opiate dependence and anxiety disorder, Finding 3, Record at 10; that he had no impairment or combination of impairments that was severe, Finding 4, *id*. at 11; and that he therefore had not been under a disability, as that term is defined in the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c).  The commissioner has admitted that the plaintiff has exhausted his administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on September 17, 2009, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Social Security Act, at any time from December 23, 2004, the alleged date of onset, through the date of the decision, Finding 5, *id*. at 14.  The Decision Review Board affirmed the decision, *id*. at 1-3, making it the final decision of the commissioner.  20 C.F.R. § 405.420.

The standard of review herein is whether the commissioner's determination is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential-evaluation process.  The claimant bears the burden of proof at Step 2, although it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs*., 795 F.2d 1118, 1123 (1st Cir. 1986).  When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *Id.* at 1124 (quoting Social Security Ruling 85-28).

### Discussion

The plaintiff states his challenge to the commissioner's decision in part as follows: "The ALJ misjudged the evidence as to the Plaintiff's intellectual and cognitive ability in finding that he . . . had no medically determinable impairment[.]"  Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 7) at 3.  As noted above, the administrative law judge

found that the plaintiff had two medically determinable impairments.  Record at 10.  From the substance of the itemized statement, it appears that the plaintiff meant to contend instead that the administrative law judge should have found that he had an additional medically-determinable impairment of borderline intellectual functioning.  Itemized Statement at 3-8.

The plaintiff first argues that the administrative law judge's "summary of Dr. Fritzler's findings and conclusions is flawed and provided no supportable foundation for his Step 2 analysis."  *Id.* at 4.  The administrative law judge's discussion of the plaintiff's claims of mental retardation is as follows:

> At the hearing, the claimant's representative suggested that the claimant may have mental retardation which, in conjunction with another severe impairment, meets the criteria of section 12.05C, and is therefore disabling.  The representative cited intellectual testing done at Acadia Hospital in July 2005, in which th[e] claimant attained a full scale IQ of 70 (Exhibit 2F).  However, Bryan Fritzler, Ph.D., the examining psychologist, questioned the validity of the test results, noting that additional testing suggested that the claimant was exaggerating his symptoms, possibly for secondary gain.  The claimant's ability to live independently and engage in substantial gainful activity is also inconsistent with a conclusion that he has severe cognitive deficits.  Treating source notes do not document significant deficiencies in the claimant's intellectual functioning.  During psychological evaluation in January 2005, the claimant was able to recall three out of three words after five minutes and subtract serial sevens without difficulty (Exhibit 2F).  In addition, Dr. Fritzler commented that "much of what (the claimant) reported today contradicted some information in his medical records."  The doctor expressed doubt regarding the claimant's report of . . . significant difficulties with attention, having denied such problems in January 2005.  Dr. Fritzler stated "one would think (the claimant) would have noticed problems with  . . . attention," which might have been masked by substance abuse, after he completed a four-month program of substance abuse treatment in September 2004.  The medical evidence as a whole does not support a finding that the claimant has any medically determinable impairment aside from those cited above.

Record at 11.  The plaintiff admits that he did not claim mental retardation or borderline intellectual functioning as impairments in his application for benefits.  Itemized Statement at 1.

Nor did the attorney who represented him at the hearing before the administrative law judge mention borderline intellectual functioning.  Record at 11, 20.  The attorney did mention mental retardation, according to the administrative law judge, *id.* at 11, but mental retardation and borderline intellectual functioning are not the same impairment.  *See Gould v. Apfel*, 2000 WL 1499802 (D. Me. Oct. 6, 2000), at *3-*4; *see also Harris v. Commissioner of Soc. Sec.,* 2009 WL 1426754 (11th Cir. May 22, 2009), at *2; *Cooper v. Commissioner of Soc. Sec*., 217 Fed.Appx. 450, 452, 2007 WL 543059 at **1 (6th Cir. Feb. 15, 2007); *Phillips v. Barnhart*, 113 Fed.Appx. 644, 645, 2004 WL 2677041 at **1 (5th Cir. Nov. 24, 2004).

The plaintiff contends that the administrative law judge should nevertheless have concluded, on his own, that the plaintiff suffered from borderline intellectual functioning based on the findings of Dr. Fritzler.  Itemized Statement at 4-7.  The First Circuit has stated, "[w]hen a claimant is represented, the ALJ[] should ordinarily be entitled to rely on claimant's counsel to structure and present the claimant's case in a way that claimant's claims are adequately explored."  *Faria v. Commissioner of Soc. Sec*., 1998 WL 1085810 (1st Cir. Oct. 2, 1998), at *1 (citations and internal quotation marks omitted); *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (same).  It is a basic tenet of Social Security case law that an administrative law judge is under no obligation to investigate a claim that was not presented at the time of the application for benefits and not offered at the hearing.  *E.g., Callicoatt v. Astrue*, 296 Fed.Appx. 700, 702-03, 2008 WL 4636186 at **2 (10th Cir. Oct. 20, 2008); *Smith v. Astrue*, 232 Fed.Appx. 617, 619, 2007 WL 2254933 at **2 (8th Cir. Aug. 8, 2007); *Street v. Barnhart*, 133 Fed.Appx. 621, 627, 2005 WL 1164202 at *6 (11th Cir. May 18, 2005).  However, counsel for the commissioner stipulated at oral argument that the mention of section 12.05 by the plaintiff's attorney at the

hearing was sufficient to put the administrative law judge on notice that borderline intellectual functioning was also at issue.

Even given this stipulation, however, the medical evidence in the record cannot reasonably be read to require the administrative law judge to find that the plaintiff suffered from borderline intellectual functioning as a severe impairment. The plaintiff contends that the administrative law judge "failed to properly assess the significance of Dr. Fritzler's findings," "ignore[d] the same findings in applying the special technique for evaluating mental disorders," and "erred as a lay person in reviewing matters suitable only for an expert psychological witness." Itemized Statement at 5-6.[2]

The plaintiff quotes, *id.* at 7, from the Psychiatric Technique Review Form completed by Thomas Knox, Ph.D., who reviewed Dr. Fritzler's findings, Record at 413,[3] for the state disability agency, which supports the administrative law judge's evaluation of those findings. The plaintiff contends that Dr. Knox's analysis must be disregarded because "he did not consider . . . borderline intellectual functioning[] as a possible impairment" because he recorded the P[erformance]IQ and V[erbal]IQ scores assigned by Dr. Fritzler incorrectly.[4] Itemized Statement at 7.

It is too much of a leap to conclude that Dr. Knox would have considered borderline intellectual functioning if his report had correctly recorded the performance and verbal IQs

---

[2] At oral argument, counsel for the plaintiff observed that "no expert says that the plaintiff was tested and there is nothing wrong with his cognition," but that is not the appropriate test at Step 2 of the sequential evaluation process, where the burden is on the claimant to proffer medical evidence to support the existence of an impairment, not on the commissioner to prove that the claimant did not suffer from any particular impairment. The assertion of counsel for the commissioner at oral argument that the records of the plaintiff's treating medical professionals do not mention any significant cognitive deficiencies is more appropriate and valuable at the Step 2 stage.

[3] The plaintiff quotes from Dr. Knox's report based on impairments including alcohol abuse. The correct citation should be to Dr. Knox's report that excluded alcohol abuse. *Compare* Record at 401-414 *with id*. at 415-28.

[4] The verbal IQ assigned by Dr. Fritzler is stated as 980 in his report. Record at 287. It is understandable that Dr. Knox may have read this as 98 rather than 80, which the plaintiff contends is the correct number. Itemized Statement at 2 n.4. No similar explanation is apparent for Dr. Knox's rendering of Dr. Fritzler's performance IQ as 91 rather than 61. Record at 287, 427.

assigned by Dr. Fritzler. Dr. Fritzler himself made no such finding, Record at 291, which would have appeared in his diagnosis at Axis II, *Harris v. Astrue*, 2009 WL 2767672 (E.D.Ark. Aug. 27, 2009), at *3; *Rodriguez v. Astrue*, 2009 WL 637154 (S.D.N.Y. Mar. 9, 2009), at *7. The plaintiff's proffered speculation is insufficient to support an argument that the administrative law judge was required to find that he suffered from borderline intellectual functioning, even if the plaintiff is correct in characterizing Dr. Fritzler's opinions as "uncontroverted." Itemized Statement at 8.[5]

In addition, even if the administrative law judge should have listed borderline intellectual functioning as a medically-determinable impairment, despite Dr. Fritzler's failure to mention it, it was still the plaintiff's burden to show that the impairment was severe. If he did not carry this burden, any error in failing to find that borderline intellectual functioning was a medically-determinable impairment would be harmless.

In this regard, the plaintiff offers case law to support the proposition that Dr. Fritzler's finding that the plaintiff's full-scale IQ was 70, standing alone, requires a finding that this impairment was severe. *Id.* at 7. The administrative law judge's opinion includes a lengthy discussion of the plaintiff's allegations about his inability to work and the inconsistencies between his statements to various medical providers and between his statements and his action. Record at 11-14. Citing 20 C.F.R. § 404.1520a(d)(1), the administrative law judge found that the plaintiff had mild limitations in his activities of daily living, social functioning, and ability to maintain concentration, persistence, or pace, and that there was no evidence of any episodes of decompensation. *Id.* at 14. These findings are supported by Dr. Knox's report. *Id.* at 411. Under the regulation, these findings mean that the impairment at issue is not severe. 20 C.F.R.

---

[5] At oral argument, the attorneys differed strongly about the appropriate way in which Dr. Fritzler's findings should be interpreted, specifically with respect to his discussion of the results of the MMPI-II. Record at 289. My approach to Dr. Fritzler's findings makes it unnecessary to resolve this particular dispute.

§ 404.1520a(d)(1).  Ordinarily, an administrative law judge is entitled to rely on the findings of a state-agency consultant.  *See, e.g., Carter v. Barnhart*, 2005 WL 32639236 (D. Me. Nov. 30, 2005), at *4; *Adams v. Barnhart*, 2005 WL 3832408 (D. Me. Mar. 6, 2005), at *3 n.4.

The plaintiff offers the cited case law to support the necessarily-implied proposition that a finding that borderline intellectual functioning existed in this case would require that the finding of limitation in at least one of these functional areas would be higher than "mild."  Of the case law cited by the plaintiff, only *Lee v. Shalala*, 872 F.Supp. 1166, 1170 (E.D.N.Y. 1994), supports his position.  *Lee*'s blanket assertion that an IQ of 75 "is a severe impairment causing nonexertional limitations," 872 F.Supp. at 1170, has been rejected by at least one neighboring federal court, which requires in addition evidence that this IQ limited the claimant's ability to perform essential work activities.  *See Brown v. Commissioner of Soc. Sec.*, 2005 WL 1745655 (N.D.N.Y. Jun. 30, 2005), at *4.  The same is true of the two Eighth Circuit cases cited as authority by the *Lee* court and the plaintiff.  *Cockerham v. Sullivan*, 895 F.2d 492, 496 (8th Cir. 1990); *Webber v. Secretary, Health & Human Servs.*, 784 F.2d 293, 298 n.7 (8th Cir. 1986).  I consider the latter to set forth the better-reasoned approach by considering vocational factors when the claimant's only alleged impairment is an IQ in the plaintiff's range.

Employing the latter approach, the record supports a finding that any mental impairment suffered by the plaintiff was not severe.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

7

### ***NOTICE***

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.***

Dated this 28th day of September, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge